# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 12-649

STATE OF LOUISIANA

VERSUS

JAMMICKA GREENE

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 43457
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Marc T. Amy, James T. Genovese, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED.

Hon. Michael Harson
District Attorney - 15th JDC
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR APPELLANT:
    Jammicka Greene

**Genovese, Judge.**

The Defendant, Jammicka Greene, was convicted of aggravated battery, a violation of La.R.S. 14:34, on August 26, 2009. On February 8, 2010, the Defendant was sentenced to six years at hard labor. The Defendant did not appeal her conviction or sentence.

On December 14, 2010, the Defendant filed a motion for amendment of sentence, which was denied by the trial court on December 16, 2010. On January 7, 2011, the Defendant filed a motion for out-of-time appeal, which was denied by the trial court on January 11, 2011.

On July 21, 2011, the Defendant filed an application for post-conviction relief in the trial court. Despite setting a hearing date in the matter, the available record does not indicate that such a hearing was conducted or that a ruling was issued in the matter.

On September 16, 2011, the Defendant filed a petition to appeal, stating that "the trial court erred in denying Ms. Greene's application for post-conviction relief," among other assertions. On September 30, 2011, the trial court "granted an appeal relative to the denial of her Application for Post Conviction Relief."

On June 21, 2012, this court issued a rule to show cause why the appeal should not be dismissed, as the judgment is non-appealable. The Defendant responded with appellate counsel alleging that the Defendant sought "reinstatement of her right to appeal" in her application for post-conviction relief, that there is no right to appeal from the denial of an application for post-conviction relief, and no right to seek review by writs to this court, since no ruling was made on the application by the trial court.

Nevertheless, appellate counsel maintains that an oral motion for appeal, made after sentencing but which never resulted in an appeal being filed in the case,

"kept her conviction and sentence from becoming final" and that she should be granted an appeal in her case based on this oral notice.

There has been no ruling by the trial court on the Defendant's application for post-conviction relief, which did not request reinstatement of her right to appeal, contrary to counsel's assertion. In her motion for appeal of the non-existent denial of the Defendant's application for post-conviction relief, the Defendant alleged substantive trial errors as the bases for her petition, noting only that her lack of an appeal was her reason for not presenting these previously.

Further, it was noted in the motion for appeal that the Defendant did desire "to appeal from the finding of guilt and the sentence imposed," but this was not presented to the trial court in the post-conviction application as a claim for relief and no ruling was made thereon. Additionally, as noted, the Defendant did file a motion for out-of-time appeal in the trial court in 2011, which was denied by the trial court.

Accordingly, there is no right either to appeal or seek a writ of review regarding the Defendant's application for post-conviction relief. *See* La.Code Crim.P. arts. 912 and 912.1.

**APPEAL DISMISSED.**